RECEIVED BY MAIL

APR 14 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
APR 1 4 2025
U.S. DISTRICT COURT MPLS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **CODY J. MOORE,** | : | |
| PETITIONER, | : | CASE NO. 25-cv-01395-JRT-LIB |
| | : | TO BE DETERMINED |
| v. | : | |
| Federal Prison Camp (FPC) Duluth | : | MOTION FOR WRIT OF HABEAS CORPUS |
| Warden Bill Eischen or Current | : | UNDER 28 U.S.C. § 2241 |
| acting Warden, | : | |
| Respondent. | : | |

Comes now Petitioner, **Cody J. Moore,** Pro Se, petitioning this Honorable Court to grant a writ of habeus corpus based on 28 U.S.C. § 2241 adn provisions of the Administrative Procedures Act (APA), as instructed by the Supreme Court of the United States in Loper Bright Enterprises v. Raimondo (603, 2024)(Loper overruling Chevron USA v. Natural Resources Defense Council, 467 US 837, 1984) for the reasons below.

Petitioner was forced to be transferred between different prison institutions within the FBOP system, and as a result, was credited with 94 "disallowed days", that he could not earn First Step Act Earned Time Credits on to apply towards his statutory sentence. This discrepancy is a result of the broad and unjust wide agency discretion that was (previously) given to the FBOP and other government agencies under the "chevron deference", which provided agencies with the discretion to interpret and institute law and acts of Congress in times and spaces of ambiguity. However, the plain language of the statute, when taken in entirety, states that "an eligible inmate begins earning and applying ETCs after the inmate's term of imprisonment at the designated facility where the sentence will be served", referencing 18 U.S.C. § 3585(A) and the FBOP's own program statement in 28 CFR § 523.42(a). The statute's plain language states also that "an eligible inmate begins earning ETCs when the inmate's term of imprisonment commences (the dated the inmate arrives or voluntarily surrenders at the designated facility).

The FBOP employs a certain level of word play and manipulation to statutes that are clear and unambiguous in order to deny prisoners any relief under the First Step Act (FSA). These manipulations are not only

a perversion of clear statutory authority, but also long standing FBOP policy directives, as well as, Supreme Court of the United States instruction in United States v. Gonzalez (117, SCT 1032, 137 L. ed, 132, 1997) and circumvents the will of Congress in a manor that is arbitrary and capricious (APA 5 U.S.C. § 706(2)(a)), and even if the court finds ambiguity in 18 U.S.C. § 3632(d)(4)(D) as applied to prisoners serving terms of imprisonment and being transferred, the plain reading of statute 18 U.S.C. § 3584(c) is clear and unambiguous in meaning and application, as it mandates the "treatment" of sentences with respect to ETC application and eligibility, expressing a new direction unwritten without Congressional authority to execute a sentence with credits applied. Congress has not extended this application to § 3584(c) and the APA has been circumbented by Chevron, where Courts were previously mandated to "defer" to agency interpretations, rather than adjudicate statutory applications. This petition invokes the plain reading of 18 U.S.C. § 3584(c), sentence computation manual directive 5880.28, and the APA, pursuant to the Supreme Court's ruling in Loper for review of the FSA and ETCs being denied by the FBOP. Furthermore, Petitioner requests that the **94** disallowed days be credited back towards his statutory sentence.

The Movant requests that the Court construe his language and argument(s) liberally as he is not a professional attorney (Tanaeacscu v. United States, 2021 US App Lexis 35982). This motion is based on the attached memorandum of law, the declaration of the Petitioner, and the exhibits thereto, and the entire record of past proceedings in this manner.

### MEMORANDUM IN SUPPORT OF LAW

Petitioner is requesting that this **Honorable Court** grant a Writ of Habeas Corpus under 28 U.S.C. § 2241, regarding the application of FSA time credits relating to his time in transit between FBOP prison facilities. The FBOP's broad interpretation of 18 U.S.C. § 3632(d)(4)(D) has caused the Petitioner to spend more time within a prison setting than he otherwise should be subjected to under the plain reading of the statute.

### I. Background

**Petitioner plead guilty to violating 18 U.S.C. (A)(1), 21 U.S.C. § 841 (B)(1)(A), 21 U.S.C. § 841(A)(1), (B)(1)(C), counts one, two, and three** in his original indictment. He was convicted in the **United States**

**District of Idaho** and was sentenced to **150** months of incarceration to be followed by a period of **5** years federal supervision. As of the date of this motion, he has now served approximately one year of his sentence between various FBOP facilities. He is also set to be transferred to another facility in the near future.

## II. Jurisdiction Venue

Petitioner brings this action pursuant to 28 U.S.C. § 2241 for relief from unlawful detention that violates Petitioner's rights under the USC. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 1651(All Writs Act), the constitutional guarantee that the government may not detain an indicidual, even momentarily, and 28 U.S.C. § 1331.

Venue is proper in the District of Minnesota pursuant to § 2241(d) because Petitioner is in custody at FPC Duluth in this judicial district and venue. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because all of the events and omissions, giving rise to these claims, occurred in this district as of the date of this filing.

## III. Administrative Remedy is Futile

The administrative remedy has not been an efficacious avenue for remedy, leaving a straightforward legal question. The concept for exhaustion for § 2241 petitions is "judicially created and not mandated by statute" (see USSC amendment 814 pertaining to 28 U.S.C. § 3582 for 2023, "Sound Judicial Discretion Governs")(McCarthy v. Madison, 503, US 140, 144, 112, SCT 1081, 117 L. Ed. 2d, 1992)(Lueth v. Beach, 498, F.3d, 795, N.3, 2007), holding that failure to exhaust does not affect a court's ability to decide a case where the exhaustion prerequisite for filing a petition is judicially created, not jurisdictional. The Court must balance the interests of the individual in retaining prompt access to a federal forum against counterveiling institutional favoring exhaustion.

As such, exhibit one does show both a BP 8 and BP 9 filed with the FPC Duluth staff, referencing this matter. Both were subsequently denied, citing Program Statement 5410.01, section 7. As such, administrative relief is unwarranted, and futile.

## IV. Argument

The First Step Act provides for earned time credits on eligible sentences, and has three major components: 1. correctional reform via the establishment on a focus of rehabilitation; 2. sentencing reform via changes to penalties for some federal offenses; and 3. reauthorization

of the Second Chance Act of 2007. The FSA is aimed at making the federal justice system more fair and more focused on rehabilitation and recidivism reduction. The FSA provides eligible inmates the opportunity to earn 10-15 days of ETC for every 30 days served, assuming they are participating in evidence based recidivism reduction activities, or productive activities. These credits will allow the inmate to transfer to a halfway house or home confinement earlier. Not only will this mitigate prison overcrowding, but research has found that participation in EBRRs has reduced recidivism risk. FSA defines a prisoner who is ineligible to earn ETCs as one serving for a conviction for any of 69 enumerated offenses under 18 U.S.C. § 3632(d)(4)(D)1; these are in effect penalty provisions.

In Patel v. Barron (2023, US Dist Lexis 174601), the Court ruled in favor of the petitioner, who asserted that the FBOP miscalculated his sentence by failing to appropriately apply ETC toward his sentnece under the FSA while in transit. Specifically, the Court points to the plain language of the FSA statute, "the FSA prohibits inmates in certain circumstances from earning credits; may not earn credits during official detention prior to the date the prisoner's sentence commences under 18 U.S.C. § 3583(a)." 18 U.S.C. § 3632(d)(4)(B)(vii) and section § 3585(a) provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." The FBOP has implemented and codified regulations regarding earning and the application of time credits under 28 CFR § 523.40(a). These regulations provide that "an eligible inmate begins earning FSA time credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated facility where the sentence will be served). The regulations provide that an inmate must be "successfully" participating in designated programming in order to earn FSA credits (523.41(c)(1)). In the Patel decision, the Court found that § 523.42(a) conflicts with the plain language of the FSA, with respect to the facts of the petitioner's location and determining whether it "does not meet eligibility requirements to earn FTCs due to the fact that the petitioner was not at your designated facility." Section § 523.41(c)(4)(iii) provides that inmates will generally not be considered

to be successfully participating in EBRR while in temporary transfer to the custody of another prison. However, Petitioner in this case **WAS** committed to a FBOP facility while awaiting transfer. In Huihui v. Derr (2023, US Dist Lexis 106532), the Court found that the administrative exhaustion process is not efficacious in the case because further effort would be futile, and concluded that there is an error in Respondent's understanding of when a petitioner can begin earning credits under the FSA.

In Patel, the Court concluded that the FBOP miscalculated Petitioner's credits by applying section 523.42(a), to exclude his time spent in custody after sentencing, while he was awaiting transfer. Under the Chevron framework, a reviewing Court must first determine if Congress has directly spoken to the precise question at issue in such a way that the intent of Congress is clear (Mujahid v. Daniels, 413. 3d, 991, 997, 2005). "If the intent of Congress is clear, that is the end of the matter for the Court as well as the agency and must give effect to the unambiguously expressed intent of Congress." With the Loper decision by the Supreme Court, it must be stated that the FSA is unambiguous as to when a prisoner can and cannot earn time credits, and not be made at the discretion of a government agency's discretion. Because § 523.42(a) sets a timeline that conflicts with an unambiguous statute, it is not entitled to Chevron deference and the Court must give effect to the statutory text (see Huihui, 2023, WL 4086073). In Yufenyuy v. Warden (22-CV-443-AJ, 2023), the Court ruled that "construed together, those provisions make it clear that prisoners **shall** earn time credits, at the statutory rate for all qualified programs in which they participate." For these reasons, Petitioner's days of ineligible time should be credited back towards his statutory date.

In addition, Petitioner wishes to address the Second Chance Act of 2007. FPC Duluth's unit team has consistently failed to provide fair application to the statute, or to it's individual assessment to both Petitioner and his Peers. While Petitioner acknowledges that the SCA does not unambiguously grant federal inmates the right to 12 months of RRC placement, he does point to the plain language of the statute, which calls for the FBOP to provide an individualized risk assessment based on a 5 factor review test base on:

1. Resources of the facility contemplated;

2. The nature and circumstances of the offense;

3. History and characteristics of the prisoner;

4. Any statement by the court that imposed the sentence;

5. Any pertinent policy statement issued by the sentencing commission. The SCA was amended in 2008 to provide that in general "the Director of the FBOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term, not to exceed 12 months, under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner in the community, and make a "good faith" effort." Petitioner argues that the staff at FPC Duluth are failing to follow the intent of Congress with the FSA and SCA, and setting him up for failure with respect to his reentry by not reviewing him on an individualized basis. Under § 3621(b), Petitioner does not feel that his current case management team at FPC Duluth has reviewed his circumstances in good faith, and asks that this Court review his true eligibility.

## Conclusion

The Loper Bright decision overrules the Cheveron Deference, the APA requires the Courts to exercise their independent judgement in deciding whether an agency has acted in it's statutory authority, and Courts may not defer to agency interpretation of the law simply because a statute is ambiguous. This Court must find that such a baseless transformation is arbitrary and capricious, and manifestly contradicts federal law as plainly written in § 3584(c) and § 3632(d)(4)(D) when taken together regarding the application and eligibility of earning FSA time credits while in transit between prisons. Under the rule of leniency "statutes imposing penalties are to be construed strictly against the government and in favor of individuals" (Commisioner v. Acker, 361 YS 87, 91, 80, SCT 144, 1.ed, 2d, 127, 1959). The plain reading of the statute requires that the FBOP apply the transit days to the statutory sentence, and the SCA requires an individual review of the Petitioner's circumstances for review of RRC placement. For these reasons, this writ for habeas corpus should be granted.

## DECLARATION OF PETITIONER

I, Cody J. Moore, do hereby declare under penalty of perjury that the foregoing is true and correct upon my information and belief.

Respectfully submitted this ___9th___ day of ___April___, 2025

___Cody Moore___
Cody J. Moore/Petitioner
#20111-023
FPC Duluth
P.O. Box 1000
Duluth, MN 55814

## CERTIFICATE OF SERVICE

I, do hereby certify by signature that the foregoing, and one copy of the foregoing, was placed in the prison mail, postage prepaid, for delivery to:

Clerk of U.S. District Court
District of Minnesota
Suite 202
300 S. 4th St.
Minneapolis, MN 55414

Done this ___9th___ day of ___April___, 2025

___Cody Moore___
Cody J. Moore